IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

EMILY RILEY,

    Plaintiff,

v.

NOVARTIS PHARMACEUTICALS CORPORATION,

    Defendant.

No. 8:21-cv-979-SCB-SPF

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY**

Plaintiff EMILY RILEY, respectfully moves this Court to stay all discovery and other proceedings pending the resolution of Plaintiff's motion to transfer under 28 U.S.C. § 1407 by the Judicial Panel on Multidistrict Litigation ("JPML").  Plaintiff's motion under section 1407 has been scheduled for hearing on July 29, 2021, and if granted, will result in the transfer and coordination of the 19 similar federal Tasigna products liability cases currently pending in 12 different federal districts.  Plaintiff believes there is a high probability that the motion to transfer will be granted, especially given that over 160 similar Tasigna products liability cases pending in New Jersey state court were recently transferred and consolidated before a single judge in New Jersey under the state's multi-county litigation ("MCL") rules.  This New Jersey MCL consolidation, together with the requested federal consolidation, creates a unique opportunity for a coordination of the global Tasigna products liability litigation, which will create many efficiencies that will greatly benefit all Courts and parties involved, as well as eliminate the potential for conflicting rulings in different courts on the same issues.

1

The interests of judicial economy strongly favor a stay of these proceedings pending resolution of the motion to transfer. The collective plaintiffs in all pending Tasigna products liability litigation are at an impasse with Defendant Novartis Pharmaceuticals Corporation ("Novartis") regarding Novartis's production of what will be millions of pages of documents, and thus must seek court intervention immediately. If the motion to transfer is granted, one federal judge will rule on these production issues, hopefully in coordination with the New Jersey state court judge presiding over the MCL. Absent a stay, Plaintiff will be forced to file a complicated motion to compel in this case, simultaneous with similar motions to compel filed by other Tasigna plaintiffs in other federal courts.[1] This will require a significant amount of judicial resources across multiple courts and will undoubtedly lead to inconsistent rulings. Only a stay can avoid this potential waste of resources and the short delay contemplated of less than 60 days will result in no prejudice to Novartis or Plaintiff.

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the Plaintiff's pending motion to transfer.

## BACKGROUND

This case is one of a series of nearly 200 pending products liability cases filed against Novartis related to its drug Tasigna—a tyrosine kinase inhibitor approved for the treatment of chronic myelogenous leukemia. In all of these cases, the plaintiffs allege that Tasigna caused accelerated and severe atherosclerosis (narrowing of the arteries) that has caused them severe vascular injuries, including peripheral vascular disease, coronary artery disease, and cerebral

---

[1] Upon information and belief, the plaintiffs in all pending federal Tasigna products liability cases intend to file a similar motion to stay imminently, and, if not granted, several will file substantially similar motions to compel against Novartis in their respective courts. *See* Declaration of Richard M. Elias, at ¶ 8.

vascular disease.  Elias Decl., at ¶ 3.  There are currently 19 cases pending in 12 different federal districts and over 160 case pending in the New Jersey MCL.  *Id.*

On April 14, 2021, Plaintiff filed a motion to transfer under 28 U.S.C. § 1407 with the JPML, seeking to transfer this and 18 other federal cases to a federal judge within this Court for the purposes of pretrial coordination and consolidation.  *Id.* at ¶ 4 and Ex. A.  Briefing on this motion is complete, and a hearing date has been set for July 29, 2021.  *Id.* at ¶ 4.  Based on prior precedent, Plaintiff anticipates a ruling from the JPML will issue in early August, less than 60 days from today.  *Id.*

With respect to the New Jersey state court cases, on January 19, 2021, counsel for the New Jersey plaintiffs applied to the New Jersey Supreme Court for transfer and consolidation of all Tasigna cases.  *Id.* at ¶ 5.  On May 28, 2021, the New Jersey Supreme Court published its order transferring and consolidating all of the New Jersey cases to Bergen County before Superior Court Judge Rachelle Harz.  *Id.* at ¶ 5 and Ex. B.  The Court has now set the initial case management conference for July 8, 2021.  *Id.* at ¶ 5

One of the first orders of business for the New Jersey Court will be to resolve a global discovery dispute between all Tasigna plaintiffs and Novartis regarding Novartis's document production—a document production which Novartis has insisted will be made uniformly across all pending Tasigna cases.  Counsel for all Tasigna plaintiffs and Novartis have been negotiating Novartis's production for over one year and—despite their best efforts—have been unable to reach agreement with Novartis on a number of issues, including the identity and number of custodians whose files will be searched, the search terms to be employed for electronic files, and the non-custodial sources from which production should be made by Novartis.  *Id.* at ¶ 6.

These same discovery issues would likewise necessitate the intervention of the Courts in the federal actions, including this one. Indeed, absent a stay, Plaintiff in this case will be forced to file a motion to compel immediately, as Novartis has noticed the deposition of one of Plaintiff's physicians who prescribed Tasigna. *Id.* at ¶ 7. This deposition cannot occur until Plaintiff receives a complete production from Novartis, because many of those documents bear on Novartis's communications and marketing efforts with respect to Plaintiff's prescribing physician. *Id.* Numerous other fact witness depositions, including depositions of Novartis's employees, are also being delayed because of the lack of production. *Id.* Absent a stay in this and the other federal actions (which, as discussed in note 1, *supra*, the other federal plaintiffs will be seeking), the individual federal Courts will have to entertain multiple similar motions to compel, which—should the motion to transfer be granted—will result in an unnecessary waste of judicial resources and, undoubtedly, inconsistent rulings.

## ARGUMENT

While a motion to transfer under 28 U.S.C. § 1407 does not, in itself, stay the individual proceedings, "[c]ourts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Hess by McKenzie v. McNeil-PPC, Inc.*, 2009 WL 10667557, at *1 (S.D. Fla. Aug. 25, 2009) (quoting *Good v. Prudential Ins. Co. of America*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998)). "[T]he [Judicial Panel on Multidistrict Litigation 'JPML'] has the power to transfer cases with motions to remand pending and the district courts have discretion to stay actions pending decisions of the JPML even where jurisdictional questions exist." *Griffin v. Merck & Co., Inc.*, 2006 WL 8440265, at *1 (M.D. Fla. Nov. 30, 2006) (quoting *Falgoust v. Microsoft Corp.*, 2000 WL 462919, *2 (E.D. La. 2000)).

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 255 (1936). "When considering a motion to stay a case pending a motion to the JPML to transfer and consolidate, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Jozwiak v. Stryker Corp.*, 2010 WL 147143, at *2 (M.D. Fla. Jan. 11, 2010).

Following this law, Courts routinely grant stays pending a ruling on a motion under section 1407, where, as here, multiple federal courts face pending or imminent motions necessitating them to rule on similar issues that could be addressed more efficiently by a consolidated ruling. *See Stanton v. Wells Fargo & Co.*, 2017 WL 3701143, at *1 (M.D. Fla. Jan. 23, 2017) ("Plaintiff moves this Court for a temporary stay pending resolution of the petition before the JPML . . . The Court agrees that a stay of these proceedings pending a decision from the JPML will preserve resources and judicial economy, and avoid inconsistent rulings. Therefore, the Court will stay this action pending the JPML's decision."); *Hemphill v. Cuckler*, 2016 WL 3570956, at *1 (M.D. Fla. July 1, 2016) ("the Court will stay all deadlines and rulings on the dispositive motions, pending a ruling on the motions to remand or transfer to the Multidistrict Litigation Panel (MDL), whichever occurs first."); *Britton v. NxCare, Inc.*, 2007 WL 9751834, at *1 (M.D. Ga. July 3, 2007) ("To promote judicial economy and consistency, the Court finds that all proceedings in this Court should be stayed pending a ruling by the MDL Panel on Defendants' motion to transfer."); *Clarke v. Bristol-Myers Squibb Co.*, 2016 WL

5

4319840, at *1 (M.D. Fla. July 6, 2016) (granting a 90-day unopposed request to stay proceedings pending a determination by the JPML on 26 total cases).

The case for a stay is equally as strong here. Judicial economy strongly favors a stay. Absent a stay, this and other federal Courts will be burdened with deciding substantially similar and complicated motions to compel, involving, among other things, analyses as to the number and types of custodians whose files are to be searched, the search terms to be used in searching their electronic files, and the non-custodial sources from which productions should be made. The Courts, including this Court, will be forced to engage in this process now, risking multiple inconsistent rulings, when all of this duplicative work will be obviated if the JPML grants the motion to transfer. Further, neither Novartis nor Plaintiff will be prejudiced by the short delay requested, particularly because the motion to transfer is fully briefed and will likely be decided in the next 60 days.

Moreover, the need for a stay is particularly strong given the recent New Jersey MCL designation and the opportunities created for an efficient coordination of the global Tasigna litigation. In mass tort litigation such as this, federal Courts are strongly encouraged to explore coordination with state courts to, among other things, maximize judicial economy and avoid, where possible, inconsistent rulings. *See Dunlavey v. Takeda Pharms. Am., Inc.*, 2012 WL 3715456, at *2 (W.D. La. 2012); (citing *Manual for Complex Litigation* (Fourth) (the "*Manual*") §§ 20.311 and 20.313 (2004)). With the New Jersey state court coordination, the motion to transfer under section 1407 presents a unique opportunity to efficiently handle an extensive body of cases, obviating many hardships and costs to the courts, counsel, and the litigants that would occur absent coordination. The promise of this global coordination will be significantly undermined if this and other federal courts entertain global discovery disputes before the motion

to transfer is decided.  Judicial economy thus favors a short stay of the proceedings pending the imminent ruling on the transfer motion.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court issue an order staying all proceedings pending resolution of the Plaintiff's pending motion to transfer.

Dated: June 22, 2021    Respectfully submitted,

**ELIAS LLC**
231 S. Bemiston Avenue
Suite 800
St. Louis, MO 63105
Ph: (314) 391-6820

By: */s/ Richard M. Elias*
Richard M.  Elias
relias@eliasllc.com
Fla. Bar No. 38471
Todd Friedman
tfriedman@eliasllc.com
Fla. Bar No. 97919

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

  I certify that on June 22, 2021 a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

                     */s/ Richard M. Elias*