IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

EMILY RILEY,

    Plaintiff,

v.

NOVARTIS PHARMACEUTICALS
CORPORATION,

    Defendant.

No. 8:21-cv-979-SCB-SPF

**DECLARATION OF RICHARD M. ELIAS IN SUPPORT
OF PLAINTIFF'S MOTION TO STAY**

I, Richard M. Elias, hereby declare as follows:

1. I am over 18, and counsel of record for Plaintiff.

2. In addition to representing Plaintiff in this action, I currently represent eight other plaintiffs in similar Tasigna products liability litigation pending in other federal district courts, and over 100 plaintiffs in Tasigna products liability litigation pending in New Jersey state court.

3. In total there are nearly 200 Tasigna products liability cases currently pending in federal courts and New Jersey state court. In all of these cases, the plaintiffs allege that Tasigna caused accelerated and severe atherosclerosis (narrowing of the arteries) that has caused them severe vascular injuries, including peripheral vascular disease, coronary artery disease, and cerebral vascular disease. There are currently 19 cases pending in 12 different federal districts and over 160 case pending in the New Jersey MCL.

4. On April 14, 2021, Plaintiff filed a motion to transfer under 28 U.S.C. § 1407 with the JPML, seeking to transfer this and 18 other federal cases to a federal judge within this

1

Court for the purposes of pretrial coordination and consolidation. A copy of that motion and supporting brief is attached hereto as Exhibit A. Briefing on this motion is complete, and a hearing date has been set for July 29, 2021. Based on prior precedent, Plaintiff anticipates a ruling from the JPML will issue in early August, less than 60 days from today.

5. On January 19, 2021, counsel for the New Jersey plaintiffs, including myself, applied to the New Jersey Supreme Court for transfer and consolidation of all Tasigna cases. On May 28, 2021, the New Jersey Supreme Court published its order transferring and consolidating all of the New Jersey cases to Bergen County before Superior Court Judge Rachelle Harz. A copy of the notice and order is attached hereto as Exhibit B. The court has now set the initial case management conference for July 8, 2021.

6. A global issue that requires immediate attention across all pending Tasigna cases is Novatis's outstanding production of its corporate documents. Counsel for all Tasigna plaintiffs and Novartis have been negotiating Novartis's production for over one year and—despite their best efforts—have been unable to reach agreement with Novartis on a number of issues, including the identity and number of custodians whose files will be searched, the search terms to be employed for electronic files, and the non-custodial sources from which production should be made by Novartis.

7. Novartis seeks to depose Plaintiff's treating physicians, including those who made the decision to prescribe Tasigna to Plaintiff. This deposition cannot occur until Plaintiff receives a complete production from Novartis, because many of these outstanding documents bear on Novartis's communications and marketing efforts with respect to Plaintiff's prescribing physician. Numerous other fact witness depositions, including depositions of Novartis's employees, are also being delayed because of the lack of production.

8.Because of the global discovery issues needing immediate attention across all of the federal cases, my firm intends to file similar motions to stay in all federal cases where our clients have pending Tasigna products liability litigation.  I have also discussed the issue with counsel for the other clients who have Tasigna cases pending in federal court, and counsel has informed me that they too intend on filing a similar motion to stay.  If this motion to stay is not granted, Plaintiff will be forced to file a motion to compel immediately before this Court, and my firm will also have to file substantially similar motions in multiple other federal courts if stays are not granted there.  Counsel for the other federal Tasigna plaintiffs have informed me that they too will have to file similar motions to compel a stay is not granted.  This will lead to multiple courts ruling on nearly identical motions, which will likely result in inconsistent rulings.

I swear under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2021 in St. Louis, Missouri.

/s/ *Richard M. Elias*
Richard M. Elias

**CERTIFICATE OF SERVICE**

I certify that on June 22, 2021 a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

/s/ Richard M. Elias
Richard M. Elias
