UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


EMILY RILEY,

             Plaintiff,

v.                                                    Case No.  8:21-cv-979-SCB-SPF

NOVARTIS PHARMACEUTICALS
CORPORATION,

             Defendant.
_____/

## **ORDER**

This cause comes before the Court on Plaintiff's Motion to Stay Discovery. (Doc. No. 8).  Defendant opposes the motion.  (Doc. No. 9).  Plaintiff filed an unauthorized reply brief.  (Doc. No. 10)  As explained below, the motion is granted.

On April 23, 2021, Plaintiff filed this product liability lawsuit against Defendant.  Defendant filed its answer on June 11, 2021, and thereafter, Plaintiff filed the instant to motion to stay this case.  Specifically, Plaintiff seeks a 60-day stay of this case while the Judicial Panel on Multidistrict Litigation ("JPML") considers her motion to transfer and consolidate this case with 19 other related cases currently pending in 12 different federal districts.  The JPML scheduled a hearing on the motion to transfer and consolidate for July 29, 2021.

Plaintiff argues that the interests of judicial economy favor a stay of these proceedings. Specifically, Plaintiff contends that the collective plaintiffs in these product liability lawsuits are at an impasse with Defendant regarding Defendant's production of millions of pages of documents, which will necessitate court intervention. Plaintiff argues that if the JPML grants the motion to transfer and consolidate, one federal judge will rule on these production issues rather than having the plaintiffs file such motions in their respective cases, which will require a significant amount of judicial resources and may lead to inconsistent rulings.

Defendant opposes the motion, arguing that no multidistrict litigation ("MDL") case currently exists and that Plaintiff's motion is based on pure speculation that an MDL case will be created. Furthermore, Defendant argues that it would be prejudiced by a stay halting discovery already in progress, because Defendant "is already underway with document collection and review and will soon begin scheduling depositions" and that a "stay will unnecessarily impact these efforts and result in prejudice." (Doc. No. 9, p. 9).

In considering Plaintiff's motion, the Court is mindful of the following:

> Courts have the inherent power to control their own dockets, including the power to stay proceedings. In deciding if a case should be stayed pending resolution of a motion to the JPML, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the

cases are in fact consolidated. The moving party must demonstrate a clear case of hardship or inequity if there is even a fair possibility that the stay would work damage on another party.

C Pepper Logistics LLC v. Nunez, 2021 WL 2792054, at *1 (M.D. Fla. June 2, 2021)(quotation marks and internal citations omitted).

Upon consideration, the Court finds Defendant's vague assertion of prejudice not to be persuasive. The Court instead finds that a stay is warranted because judicial resources would be saved by avoiding duplicative litigation if the cases are in fact consolidated, and the requested stay is for a relatively short period. The same conclusion was reached by another district court faced with the same motion:

> Here, . . . [the factors to be considered] favor a 60-day stay. For one, the Court has an interest in preserving scare judicial resources: Absent a stay, the Court would be tasked with resolving a discovery dispute that might be disposed of by a single forum should the Panel consolidate the other federal cases. Along those lines, [the plaintiff] could experience significant inequity if a stay is not granted because resolution of the discovery dispute here may lead to conflicting rulings in other courts. And while a stay will entail a delay of scheduled depositions and impose some burden on [the defendant], consolidation might ultimately allow the litigants to tailor a more streamlined discovery plan. On balance, a 60-day stay is warranted.

Garland v. Novartis Pharmaceuticals Corporation, 2021 WL 2661492, at *2 (S.D. Ill. June 29, 2021).

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Stay Discovery (Doc. No. 8) is **GRANTED**. Discovery in this case is stayed until August 23, 2021 or until the JPML issues its ruling, whichever first occurs. The deadline for filing a case management report in this case is extended to September 3, 2021.

DONE AND ORDERED at Tampa, Florida, this 9th day of July, 2021.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record