**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| EMILY RILEY, <br><br> Plaintiff, <br><br> v. <br><br> NOVARTIS PHARMACEUTICALS CORPORATION, <br><br> Defendant. | Case No. 8:21-cv-979-SCB-SPF |

**MOTION TO TRANSFER**

Plaintiff Emily Riley ("Plaintiff") pursuant to Local Rule 1.07(a)(2)(B) of the Middle District of Florida, moves for an intra-district transfer of this action to the pending multidistrict litigation docket, *In re: Tasigna (Nilotinib) Products Liability Litigation*, case number 6:21-md-3006-RMD-DAB (M.D. Fla.) ("MDL"), and states as follows:

1. On August 10, 2021, the Judicial Panel on Multidistrict Litigation ("JPML") entered a transfer order, transferring all related actions to the MDL in this District.  *See* Exhibit A.

2. As set forth in the transfer order, the JPML found that "that centralization of these actions in the Middle District of Florida will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions can be expected to share factual questions arising from allegations that Novartis failed to appropriately warn of the risks that use of Tasigna may cause severe atherosclerotic injuries."

3. The JPML further found, "All plaintiffs bring claims for strict products liability – failure to warn and negligence. Issues of general causation and Tasigna's labeling and regulatory history appear common to all actions. Centralization offers substantial opportunity to streamline

pretrial proceedings; reduce duplicative discovery and conflicting pretrial obligations; prevent inconsistent rulings on common Daubert challenges and summary judgment motions; and conserve the resources of the parties, their counsel and the judiciary."

4. Rule 1.1.(h)(2) of the JPML Rules of Procedure defines a "tag-along action" as a civil action pending in a district court which involves common questions of fact with . . . actions previously transferred to an existing MDL, and which the Panel would consider transferring under Section 1407.

5. Accordingly, Plaintiff submits that this action is a "tag-along action."

6. Rule 7.2.(a) of the JPML Rules of Procedure states in pertinent part, "Potential tag-along actions filed in the transferee district do not require Panel action."

7. Further, rule 7.2(a) provides that a party should request assignment of such actions to the transferee Judge pursuant to the applicable local rules.  *See* JPML Rule 7.2(a).

8. Local Rule 1.07(a)(2)(B) provides that where actions before different judges present the probability of inefficiency of inconsistency, transferal is appropriate:

> If actions before different judges present the probability of inefficiency or inconsistency, a party may move to transfer a later-filed action to the judge assigned to the first-filed action. The moving party must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action. The proposed transferor judge must resolve the motion to transfer but can transfer the action only with the consent of the transferee judge. The transferee judge can order the clerk to assign to the later filed action the magistrate judge in the first-filed action.

9. There are several reasons why this action presents a certainty of inefficiencies and inconsistencies if it is administered separately from the MDL.

10. First, this action is materially identically to all the actions consolidated for pretrial proceedings in the MDL.  Here, Plaintiff has pled identical claims for strict products liability –

failure to warn and negligence as those pled in all other actions transferred to the MDL. *Compare* Dkt. 1 and Exhibit A.

11. Second, Plaintiff will seek identical pretrial discovery from Defendant in this action as that sought by the plaintiffs in the MDL, and this discovery will require judicial intervention. As set forth in Plaintiff's motion to stay, *see* Dkt. 8, the collective plaintiffs seek millions of pages of documents and are at an impasse with Defendant. As the JPML found, centralization offers substantial opportunity to streamline pretrial proceeding, obtain consistent discovery rulings, and reduce duplicative discovery efforts.

12. Third, the JPML also found that additional benefits would arise from centralization of related actions, including convenience of the parties and witnesses, consideration of shared factual questions, reduce conflicting pretrial obligations, prevent inconsistent rulings on common *Daubert* challenges and summary judgment motions; and conserve the resources of the parties, their counsel and the judiciary. These rationales support transfer of this action.

13. Finally, in prior consideration of several of the foregoing arguments, this Court previously granted Plaintiff's motion to stay, pending a ruling on the JPML's issuance of ruling, presumably based on a recognition that this case would be transferred in the event an MDL was created. *See* Dkt. 11.

14. For these reasons, Plaintiff respectfully requests that this Court, with the consent of the Court president over the MDL, transfer this action to the pending MDL.

15. Local Rule 1.07(a)(2)(B) provides that a moving party "must file the motion in the later-filed action and a notice and a copy of the motion in the first-filed action." However, the local rules do not appear to contemplate a request to transfer to an MDL. Accordingly, Plaintiff is filing this motion in this action and will notice the filing of this motion in the MDL.

Dated: August 20, 2021

Respectfully submitted,

**ELIAS LLC**
231 S. Bemiston Avenue
Suite 800
St. Louis, MO 63105
Ph: (314) 391-6820

By: */s/ Todd R. Friedman*
Richard M. Elias
relias@eliasllc.com
Fla. Bar No. 38471
Todd Friedman
tfriedman@eliasllc.com
Fla. Bar No. 97919

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

     I certify that on August 20, 2021 a copy of the foregoing was served on all counsel of record via the Court's CM/ECF system.

                                              */s/ Todd R. Friedman*

**Pennington, PA**
Ste 200
215 S Monroe St
Tallahassee, FL 32301
850/222-3533
Fax: 850/222-2126
Michael J. Thomas, Esq.
Email: mike@penningtonlaw.com

*Counsel for Defendant*